UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------x
Thomas Lynch,
    Plaintiff,

v.

A.T.&T., Corp.,
    Defendant.
----------------------------------------x

04 12722 RWZ

Civil Action No.

MAGISTRATE JUDGE ____

RECEIPT # 61085
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Tom
DATE 12/29/04

## COMPLAINT

## CLAIM OF JURY TRIAL

### PARTIES

1. The plaintiff, Thomas Lynch, is a citizen of the Commonwealth of Massachusetts. He was born on May 12, 1952.

2. The defendant, A.T.&T. Corp., is, on information and belief, a corporation authorized to do business in the Commonwealth of Massachusetts, and was at all relevant times doing business in the Commonwealth. On information and belief, the defendant is not a corporate citizen of the Commonwealth.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action by virtue of 28 U.S.C. §1331, as there are federal questions raised by this complaint, and under §1332 of that title, as the parties are citizens of different states, and the amount in controversy is greater than $75,000.

4. Venue is properly laid in this district by virtue of 28 U.S.C. §1391(a)(2), as the acts that gave rise to this action took place substantially in the district.

## FACTS

5. Thomas Lynch was hired by the defendant or its predecessor in or about 1971.[1]

6. Mr. Lynch worked continuously for the defendant and/or its predecessor(s) for thirty-two years.

7. The plaintiff's performance was at all times at least satisfactory.

---

[1] On information and belief, the predecessor of the defendant was subject to a partial divestiture. From 2000 to 2002, the plaintiff worked for an affiliate of A.T.&T entitled Concert. For purposes of convenience, and because the plaintiff believes that there is no doubt that Concert was, for all relevant purposes, substantially identical with the named defendant, the defendant is referred to consistently as A.T.&T.

8. Mr. Lynch received numerous promotions and commendations during the course of his employment.

9. Mr. Lynch received performance reviews that were frequently enthusiastic.

10. Although it was customary, if not required as a matter of company policy, for the defendant to provide annual performance reviews for persons in the plaintiff's position, the plaintiff received no such review for the years following 2000.

11. In 2000, Mr. Lynch was assigned to be the Senior Account Executive for Scudder Investments, in Boston ("Scudder").

12. Mr. Lynch remained assigned to the Scudder account until July 2002.

13. In or about the winter of 2002, Scudder was purchased by DeutscheBank, a German company whose United States operations were headquartered in New York, New York.

14. Mr. Lynch continued to work actively on the Scudder account on behalf of the defendant.

15. In or about April 2002, the defendant announced a reduction in its workforce. As part of this reduction, a number of persons at the

plaintiff's job level, and some with his title and/or positions substantially equivalent in work responsibilities, prestige and compensation, were induced to accept early retirement through the medium of severance pay and enhanced benefit packages. Some of those who were separated from the defendant through this program were at the same level of employment as Mr. Lynch, but were significantly younger.

16. Mr. Lynch was not included in the reduction in force in April 2002.

17. On or about June 11, 2002, the plaintiff met with the A.T. & T. DeutscheBank Account Team. On that same day, day-to-day control of the defendant's relationship with Scudder was transferred from Boston to New York.

18. After day-to-day control of Scudder's relationship with the defendant was transferred to New York, Mr. Lynch's duties substantially diminished.

19. Under the defendant's compensation policy, the reduction in Mr. Lynch's duties caused by the changes in the Scudder account also substantially reduced his income.

20. After approximately July 2002, although Mr. Lynch was ready, willing and able to work on the Scudder account, he was virtually unable to do so, because there was no work for him to perform.

21. As work on the Scudder account diminished, Mr. Lynch actively sought new work assignments from the defendant. Such assignments were available for persons at the plaintiff's employment level in the Greater Boston area.

22. Other, younger, employees in substantially the same position as the plaintiff were transferred to new accounts or otherwise provided with work; the plaintiff was not.

23. On or about September 30, 2002, the defendant engaged in another reduction in its workforce, similar to the one that had occurred in April 2002, as described more particularly in Paragraph 15, above. Again, others in substantially equivalent positions to the plaintiff's were included among those let go by the company, and again Mr. Lynch was not.

24. In or about October 2002, Robert Rothweiler became Mr. Lynch's manager. However, the plaintiff was not notified of this change at that time. Indeed, the plaintiff was told several times that he reported to another manager.

25. During the period from October 2002 to April 2003, Mr. Lynch repeatedly sought to determine who his manager was, and what his assignments were, without success.

26. On information and belief other, primarily younger, employees who were engaged in the same or substantially similar work were not assigned to managers outside of the Boston area, were informed of the identities of their managers (if that was not already apparent from their working situations), and were given work to do.

27. Rothweiler made no attempt to contact Mr. Lynch concerning his work until late in March 2003. Nor was the plaintiff provided with significant or substantial work to perform.

28. On or about March 24, 2003, Rothweiler directed Mr. Lynch to re-establish contact with Scudder, and informed him that he was an Account Executive assigned to Scudder's account, with a monthly quota of $25,000 in sales.

29. Rothweiler knew, or in the exercise of reasonable judgment would have known, that there was no reasonable possibility that Mr. Lynch could meet the objective given to him.

30. Rothweiler assigned Mr. Lynch to the Scudder account, and gave him a monthly sales goal of $25,000, as means to buttress a case for dismissing him from the company's employ.

31. Between January and April 2003, the defendant changed Mr. Lynch's job titled to Senior Account Executive—Data Internet. Mr. Lynch was not told contemporaneously about this change.

32. When he learned that his job title had been changed, Mr. Lynch asked Rothweiler about the reasons for it. Rothweiler never responded substantively.

33. Employees assigned as senior account executives—data internet were customarily provided with intense training about the defendant's products and services. Mr. Lynch was provided with no such training.

34. On May 30, 2003, Mr. Lynch was notified that he was being relieved of his position as an account executive. He was further notified that he had two months in which to find another job within the company or that he would be fired.

35. Mr. Lynch had already been seeking new positions within the company for some months, to no avail.

36. Between January 1, 2003 and July 29, 2003, Mr. Lynch applied for more than a dozen positions within the defendant's organization. Some of them had been vacant for months. Some would have entailed a demotion and cut in pay, which he was willing to accept in order to maintain employment.

37. In July 2003, Mr. Lynch applied for an account executive position. He was required to take a data aptitude test. Had he been an account executive—data internet (as he had been informed he was), he would not have had to take that test.

38. Rothweiler and Deborah DeVenezia, of the defendant's Human Assets and Learning Department, promised to assist the plaintiff in finding a new position. Despite these promises, those individuals gave Mr. Lynch no material help in attempting to find a new position within the company.

39. During the plaintiff's search, several positions that had been open, and for which Mr. Lynch had applied, were withdrawn.

40. By the end of July 2003, Mr. Lynch had not been able to obtain a new position within the defendant's organization.

41. On July 29, 2003, Mr. Lynch's employment with the defendant was terminated.

42. As set forth more particularly above, the defendant treated Mr. Lynch less advantageously with respect to job and management assignments, and to opportunities to obtain new positions, than other similarly-situated but younger employees, and such treatment was accorded on account of his age.

43. The plaintiff filed a timely claim with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission on March 10, 2004.

44. The plaintiff withdrew his complaint from the Massachusetts Commission Against Discrimination on November 15, 2004.

45. The plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission on November 30, 2004.

## CLAIMS

### COUNT I
(For violation of Massachusetts General Laws, c. 151B)

The plaintiff reiterates the allegations of the foregoing paragraphs 1 through 45, inclusive, and incorporates them by reference herein.

46. The defendant's conduct, as more particularly set forth above, violated G.L. c. 151B, §4.1B, in that the defendant discriminated against Mr. Lynch because of his age.

47. The defendant knew or had reason to know that its conduct toward Mr. Lynch violated G.L. c. 151B, §4.1B and constituted discrimination on account of age.

48. The defendant is liable to the plaintiff for the violations of G.L. c. 151B set forth above.

### COUNT II
(For violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*)

The plaintiff reiterates the allegations of the foregoing paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

49. The defendant's wrongful conduct, as more particularly described above, violated the Age Discrimination in Employment Act, 29 U.S.C.§623a)(1).

50. The defendant's wrongful conduct, as more particularly described above, was willful as provided in 29 U.S.C. §626(b).

51. The defendant is liable to the plaintiff for the violations of the Age Discrimination in Employment Act set forth above.

WHEREFORE, the plaintiff prays the court to:

a. Award him his actual damages, pursuant to Count I, as provided by law.

b. Award him multiple damages, pursuant to Count I, as provided by law.

c. Award him his actual damages, pursuant to Count II, as provided by law.

d. Award him liquidated damages, pursuant to Count II, as provided by law.

e. Grant such equitable relief as will make the plaintiff whole, as provided by law.

f. Award the plaintiff interest, as provided by law.

g. Award the plaintiff his costs and reasonable attorneys' fees for the bringing and arguing of this action, as provided by law.

i. Grant such additional relief as the court deems reasonable and proper.

## CLAIM OF JURY TRIAL

The plaintiff claims his right to jury trial on all applicable issues.

Respectfully submitted,

December 29, 2004

Thomas Lynch
Plaintiff
by his attorneys,

*Jonathan J. Margolis*
Jonathan J. Margolis
BBO #319980
Laurie A. Frankl
BBO# 647181
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Thomas LYNCH v. A.T.&T. Corp__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Jonathan J. Margolis__

ADDRESS __Rodgers, Powers & Schwartz LLP, 18 Tremont St., Boston, MA 02108__

TELEPHONE NO. __(617) 742-7010__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas LYNCH

### DEFENDANTS
A.T.&T. Corp.

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rodgers, Powers & Schwartz LLP
18 Tremont St., Boston, MA 02108  617-742-7010

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29. U.S.C. Sec. 621, et seq.

Brief description of cause: Age discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 12/28/04

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____