## UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x

THOMAS LYNCH,

               Plaintiff,

   v.                                                 Civil Action No. 04-12722(RWZ)

AT&T CORP.,

               Defendant.

---------------------------------------------------------------x

**ANSWER ON BEHALF OF DEFENDANT AT&T CORP.**

Defendant AT&T Corp. ("AT&T"), by way of an Answer to the Complaint of plaintiff Thomas Lynch, says:

**PARTIES**

1.    Defendant lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in paragraph 1 of the Complaint, except to admit that AT&T Corp. records show Mr. Lynch's date of birth as May 12, 1952.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.    The allegations in paragraph 3 of the Complaint purport to state conclusions of law to which no response is required.

4.    The allegations in paragraph 4 of the Complaint purport to state conclusions of law to which no response is required.

5.    Defendant denies the allegations contained in paragraph 5 of the Complaint, including footnote 1, except to admit that plaintiff was hired in or around 1971.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant lacks sufficient knowledge or information at the present time to form a reasonable belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Except to admit that Company records show that Lynch received only one promotion between June 1983 and July 2003, Defendant lacks sufficient knowledge or information at the present time to form a reasonable belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9. Defendant lacks sufficient knowledge or information at the present time to form a reasonable belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendant lacks sufficient knowledge or information at the present time to form a reasonable belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information at the present time to form a reasonable belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, defendant states that Scudder was purchased by Deutsche Bank on or about April 8, 2002. Further answering, defendant states that upon information and belief, the United States operations of Deutsche Bank were headquartered in New York, New York.

14. Defendant is unable to either admit or deny the allegations of paragraph 14 of the Complaint as paragraph 14 fails to set forth a time period for when plaintiff allegedly "continued to work actively on the Scudder account on behalf of defendant"

15. In response to paragraph 15 of the Complaint, defendant states that there was a Force Management Program ("FMP") in or about April of 2002. Defendant denies the remaining allegations of paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, defendant admits that plaintiff was not offered an FMP in or about April of 2002.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, defendant admits that there was an FMP in or about October of 2002 and that plaintiff was not offered an FMP at that time. Further answering, defendant denies the remaining allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, defendant admits that Rothweiler first attempted to contact plaintiff in or about March of 2003. Further answering, defendant denies the remaining allegations of paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, defendant admits that on or about March 24, 2003, Rothweiler directed Lynch to re-establish contact with Scudder. Further answering, defendant denies the remaining allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, defendant states that on or about April 1, 2003, plaintiff e-mailed Rothweiler stating that he was incorrectly listed in POST as a Senior Account Executive Data/IP and asking what his title would be. Further answering, defendant denies the remaining allegations of paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, defendant states that a significant amount of training was available to plaintiff concerning defendant's products and services. Further answering, defendant denies all remaining allegations of paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, defendant states that on or about May 30, 2003, plaintiff was offered the opportunity to continue working on the Deutsche Bank account by relocating to New York. When plaintiff expressed his unwillingness to relocate to New York, he was notified that he would have 60 days to secure employment within the company or be terminated effective July 29, 2003. Further answering, defendant denies any remaining allegations in paragraph 34 of the Complaint.

35. Defendant admits the allegations of paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, defendant admits that plaintiff applied for approximately 12 positions within the defendant's organization between January 1, 2003 and July 29, 2003 and that two of them were for positions one salary grade down from his salary grade. Further answering, defendant denies the remaining allegations of paragraph 36 of the Complaint.

37. In response to paragraph 37 of the Complaint, defendant admits that plaintiff applied for an account executive position in July of 2003. Further answering, defendant denies the remaining allegations of paragraph 37 of the Complaint.

38. In response to paragraph 38 of the Complaint, defendant admits that Rothweiler and Deborah DeVenizda agreed to provide assistance to the plaintiff in finding a new position. Further answering, defendant denies the remaining allegations of paragraph 38 of the Complaint.

39. Defendant admits the allegations of paragraph 39 of the Complaint.

40. Defendant admits the allegations of paragraph 40 of the Complaint.

41. Defendant admits the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, defendant admits that plaintiff filed a claim with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission on or about March 10, 2004. Further answering, defendant denies all remaining allegations of paragraph 43 of the Complaint.

44. Defendant admits that plaintiff withdrew his complaint from the Massachusetts Commission Against Discrimination by letter dated November 9, 2004 and that the MCAD dismissed the Complaint by letter dated November 15, 2004.

45. Defendant lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in paragraph 45.

## **COUNT I**

Defendant repeats its responses to the allegations of the foregoing paragraphs 1-45 as if set forth fully herein.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

## COUNT II

Defendant repeats its responses to the allegations of the foregoing paragraphs 1-48 as if set forth fully herein.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any loss sustained by plaintiff was due to the negligence of plaintiff or some other third party over which the defendant exercised no control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the relevant statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations of the Complaint, plaintiff was an employee at-will whose employment was terminable with or without cause.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff has failed to make reasonable efforts to mitigate his alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Any action or inaction by defendant AT&T Corp. and its employees was taken or not taken for legitimate, non-discriminatory business reasons and was unrelated to any prohibited reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert any other affirmative defenses that may become evidence through investigation or discovery.

WHEREFORE, defendant AT&T Corp. demands judgment in its favor and against plaintiff Thomas Lynch dismissing the Complaint with prejudice, together with costs.

>Respectfully submitted,
>
>AT&T Corp.,
>
>By its Attorneys,
>
>By: /s/ Nathan L. Kaitz_____
>Nathan L. Kaitz, BBO #256760
>Morgan, Brown & Joy, LLP
>200 State Street, 11th Floor
>Boston, MA  02109
>T:  (617) 523-6666
>F:  (617) 367-3125
>E-mail: nkaitz@morganbrown.com

Dated: March 17, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the within Answer was served via First Class U.S. Mail, upon Jonathan Margolis, Rodgers, Powers & Schwartz, 18 Tremont Street, Boston, MA  02108.

>/s/ Nathan L. Kaitz_____

8

Case 1:04-cv-12722-RWZ   Document 3   Filed 03/17/2005   Page 8 of 8

8